## STEPHEN GREER ET AL. *v.* THE STATE.

1. SEVERANCE. *Matter of right.*

   Where several are jointly indicted for murder, a severance must be granted if applied for; and if refused, a verdict of guilty will be set aside.

2. SAME. *Sect. 33, art. 13, c. 21 (§ 2874½), Code 1871.[1] Omitted in printing Code.*

   Sect. 33, art. 13, c. 21, Code 1871, providing that " when two or more persons are joined in one indictment, for any offence, the court *shall* on application grant a severance, and permit them to be tried separately," was omitted from the printed Code through inadvertence. The original bill in the secretary of state's office shows the section.

3. STATUTE. *Highest evidence of its existence. Effect of omission from printed Code.*

   The highest evidence of a statute is the enrolled bill, attested by the presiding officers of the two houses, approved by the governor, and in the office of the proper custodian of these records, and its omission from the printed Code does not affect its validity.

4. SAME. *Repeal. Re-enactment. Code.*

   Where two acts were passed the same day, one repealing an existing statute to take effect immediately, and the other re-enacting it to go into force five months thereafter, as part of the Code, which was to supersede all pre-existing statutes of a general nature, the subjects of which were therein revised and consolidated, the common law prevailed during the five months, after which the statute became the law.

ERROR to the Circuit Court of Warren County.

Hon. UPTON M. YOUNG, Judge.

*B. B. Myles*, for the plaintiffs in error, made an oral argument, and filed a brief by himself and *George F. Brown*, commenting on *Wall* v. *State*, 51 Miss. 396.

---

[1] As authorized by § 11 Code 1871, the commissioner appointed to superintend the publication of the Code rearranged the chapters by number, and remodelled the sections, numbering them consecutively through the volume. The Code of 1871, as shown by the enrolled bills in the secretary of state's office, is arranged in chapters, articles and sections; the chapters being divided into articles, and the articles into sections. The reference by the Chief Justice, c. 21, art. 13, sect. 33, is to the enrolled bill. The proper place for the omitted section in the Code of 1871, as printed, is in c. 59, after § 2874, and before § 2875, on p. 620. The act entitled " An Act in relation to criminal procedure " is c. 21 in the enrolled bills, and c. 59 of the printed Code.

· *George E. Harris*, Attorney-General, for the State, argued the case orally, and filed a brief by himself, and one by *R. V. Booth*, also discussing *Wall's Case.*

SIMRALL, C. J., delivered the opinion of the court.

Stephen Greer, Randolph Barnes, Henry Crosby and Willis Marshall were jointly indicted for the murder of Patrick Neville. Greer and Barnes made application by motion for separate trials. Their motion was overruled. Thereupon they were tried together, found guilty and sentenced to death. The only question necessary to be considered on this writ of error is, whether the ruling of the circuit judge on this motion was correct.

Ordinarily the Appellate Court will not review the exercise of judicial power which rests in discretion, but will presume that the action of the court of original jurisdiction was right. It will not intervene, unless there has been a manifest abuse of the power, resulting in prejudice and injustice to the defendants. If it is made to appear that the defences will antagonize with each other, or that testimony will be offered on the trial competent only against one, but incompetent as to the other, which may prejudice the minds of the jury against the latter, these are considerations addressed to the circuit judge, to be weighed in coming to a conclusion. We are not called upon to determine in what stress of circumstances the corrective will be applied by an Appellate Court, where the discretion resides in the court of original jurisdiction; for in this State the subject is regulated by positive law.

On Dec. 19, 1861, an act was passed, entitled " An Act to amend the law of evidence in criminal cases." Acts 1861–62, p. 133. The first clause of the first section is to this effect: That " when two or more persons are joined in one indictment, the court shall on application grant a severance, and permit them to be tried separately." This statute was repealed on May 13, 1871, the repealing act taking effect immediately. Pamphlet Acts, 1871, pp. 87, 88.

In 1870 the legislature passed an act to provide for the appointment of a commission to codify the General Statutes of

the State. Under that law commissioners were selected, who reported the project of the Code to the legislature of 1871. That legislature adopted a code, which went into effect on Oct. 1, 1871. On May 12, 1871, an act was passed which directed the governor forthwith to appoint one of the commissioners " to superintend the printing and binding of this code, and to carefully read all the proof-sheets, and prepare a suitable index to the volume." The code now in use was printed under that law. The 8th and 9th sections of the act last referred to provide that this revision, after Oct. 1, 1871, shall constitute the statutory laws of a general nature on all the subjects therein revised and consolidated; but that until then the Code of 1857, and the subsequent amendments thereto, including the laws passed by the legislature which met on the first Tuesday in January, 1871, should continue in force.

The effect of these sections was to abolish and repeal all the statutes of a general nature whose subjects were revised and consolidated, so that we might have a full, complete and harmonious body of positive laws thereafter. The repeal of the act of 1861 by the statute of May 13, 1871, restored the common law on the subject of severance, which remained the rule until the code of that year went into force, on October 1.

By some oversight in the publication of the Code, sect. 33 of the act regulating criminal procedure was omitted; or it may be possible that the commissioner charged with the duty of supervising the publication was of opinion that the repealing act of May 13, 1871, abolished that section of the Code. The 33d section of article 13, of the 21st chapter of the Code, entitled " An Act in relation to criminal procedure," approved May 13, but which did not go into force until Oct. 1, 1871, is as follows: " When two or more persons are joined in one indictment, for any offence, the court *shall* on application grant a severance, and permit them to be tried separately." What the common law regarded as a privilege, to be granted or not at the pleasure of the court, is, by this positive enactment, converted into a right, which the court cannot refuse.

The guilt of the accused cannot be said to have been legally ascertained; nor can judgment awarding punishment be rightly imposed, unless the proceedings and trial have been conducted

according to forms prescribed by customary or positive law. These formulas have been sanctioned by long experience as approved methods to protect the innocent, and assure reasonable certainty that a conviction was right and true. When the statute confers a right to a separate trial, not merely has the method of trial been violated, but the defendant has been deprived of a substantive right, when a severance has been refused.

The effect of the 33d section of the act regulating criminal procedure, adopted by the legislature, as evidenced by the enrolled bill deposited in the office of the secretary of state, was to re-enact the substance of the act of 1861, above quoted, and to make it operative as part of the statute law on and after Oct. 1, 1871 ; for, as we have seen, *on that day* the Code superseded all prior statutes, the subjects of which were revised and consolidated. It is hardly worth while to observe that the omission to embody in the printed Code the section quoted from the original bill in the secretary of state's office does not affect its validity as law. The highest and most conclusive evidence of a statute is the enrolled bill, attested by the presiding officers of the two houses, approved by the governor, and in the office of the proper custodian of these records. The omission from the printed Code may have been the result of accident, or it may have been supposed by the commissioner who supervised the publication that it was not law, because the legislature of 1871 specially repealed the act of 1861. Be that as it may, we are all of opinion that it is in force as part of our statute law.

It is proper to remark, that it is quite evident the circuit judge was not aware that the printed Code was not a faithful copy of the original bills enacted by the legislature. The omission indicated was not disclosed publicly until the consideration of this case in this court. We suppose that the circuit judges generally have disposed of the question of severance since 1871 according to the rules of the common law, not being aware of the existence of the statute referred to.

*Judgment reversed and cause remanded.*