## JOY ROBERTS v. STATE OF NEBRASKA.

FILED NOVEMBER 19, 1908.   No. 15,769.

1. **Criminal Law: COMPLAINT: PLEA IN BAR.** Plaintiff in error was arrested and tried in the county court. The complaint failed to charge the commission of an offense. Pending the trial, and after witnesses had been called, sworn and examined, the defect in the complaint was observed by the county attorney, who dismissed the prosecution and filed a new complaint. When the case was called for trial, plaintiff in error filed a plea in bar, setting up

the proceedings under the first complaint as a bar to the prosecution. The plea was not sustained, and upon trial the county judge found plaintiff in error guilty, and committed him to the state industrial school at Kearney. Plaintiff in error appealed to the district court, where the plea in bar was again presented, demurred to by the state, and the demurrer sustained. *Held*, No error, the complaint first filed having failed to allege facts sufficient to constitute a crime.

2. **Infants: COMMITMENT TO INDUSTRIAL SCHOOL.** Section 5, ch. 75, art. I, Comp. St. 1907, authorizes the commitment of a boy of sane mind under the age of 18 years to the state industrial school when found guilty of any crime, except murder or manslaughter, whether the same be a felony or misdemeanor.

3. ———: ———. Such commitment is in no sense a punishment, nor is the industrial school a prison in the ordinary acceptation of that term.

4. **Criminal Law: EVIDENCE: ADMISSIBILITY.** Where a demand is made upon a third person for the payment of damages resulting from an injury to a church building, and plaintiff in error indulged in language forbidden by law, upon the ground that the demand was for an excessive amount of money as a compensation for the damage inflicted, the question as to the actual extent of the injury or damage caused by such third party would be an immaterial one on the trial of the accused for using the forbidden language, as the fact, if true, would neither justify nor excuse the use of same.

ERROR to the district court for Kearney county: HARRY S. DUNGAN, JUDGE. *Affirmed.*

*J. L. McPheely*, for plaintiff in error.

*William T. Thompson, Attorney General, Grant G. Martin* and *C. P. Anderbery, contra.*

REESE, J.

On the 20th day of November, 1907, a complaint was filed in the county court of Kearney county charging plaintiff in error with profane swearing. On the next day he was put on trial. Pending the trial the county attorney dismissed the prosecution, and on the same day filed an amended or new complaint charging the same

acts, but alleging that the accused was "over the age of fourteen years." The change in the complaint was rendered necessary owing to the language of the statute (criminal code, sec. 242) limiting its application to persons over that age. It was apparent that the complaint first filed, having omitted this essential averment, did not charge an offense. When the case was called for trial under the new complaint, plaintiff in error filed his plea in bar of the prosecution, setting up the prior proceedings as a former jeopardy. Just how the plea was disposed of is not shown by the record, except that it was not sustained. A plea of not guilty was interposed, a trial had, and plaintiff in error was found guilty, followed by a finding that he was a fit subject for commitment to the state industrial school at Kearney, and an order to that effect was duly entered. An appeal was taken to the district court, where the plea in bar was again presented. To this plea the county attorney demurred. The demurrer was sustained, and plaintiff in error entered his plea of not guilty. A jury trial was had, and the jury returned a verdict of guilty as charged. A motion for a new trial was filed, which was overruled, and the order and judgment of the court was entered finding that at the date of the commission of the offense the accused was of the age of 16 years and 10 days; that he was a proper person to be committed to the industrial school at Kearney, and that it would be for his best interest to be so committed, and thereupon he was ordered committed to said school. He brings the case to this court by proceedings in error.

1. The first contention of plaintiff in error is that the court erred in sustaining the demurrer of the state to his plea in bar. This plea was founded upon the contention that, as plaintiff in error had been arrested under the complaint first filed in the county court, and witnesses had been called and sworn before the dismissal of the complaint by the county attorney, he was placed in jeopardy, and could not be again prosecuted for the same offense. It must be conceded that, when an accused is

placed on trial, as in this case, upon a complaint charging him with an offense, the dismissal of the case would be a bar to a new prosecution for the same crime; but, if the complaint does not contain the necessary averments to constitute a criminal charge, there could be no jeopardy. *Steinkuhler v. State,* 77 Neb. 331; 12 Cyc. 261, and cases cited. By section 242 of the criminal code of this state it is provided: "If any person of the age of fourteen years and upwards shall profanely curse or damn, or profanely swear by the name of God, Jesus Christ, or the Holy Ghost, each and every person so offending shall be fined in a sum not exceeding one dollar nor less than twenty-five cents for each offense." It will be observed that the statute is limited in its application to persons "of the age of fourteen years and upwards." The complaint first filed contained no averment that the accused was of that age; therefore it did not charge the commission of an offense for which plaintiff in error could have been punished. The conclusion must be that he was not, and could not have been, placed in jeopardy under that complaint. But it is urged that, since the statute permits the amendment of complaints, the amendment could have been made and the complaint have thus been rendered sufficient. We do not deem the question whether an amendment could or could not have been made a material one, as no attempt appears to have been made to make such amendment, the county attorney preferring to formulate a new complaint. This was proper practice, as we know of no rule of law requiring the amendment instead of filing the new complaint. Therefore the district court did not err in sustaining the demurrer.

2. The next contention is that the district court had no jurisdiction or power, after the verdict finding plaintiff in error guilty of the offense charged, to commit him to the industrial school. This contention is based upon two propositions, which we will notice in the order in which they are presented. It is said in the brief of plaintiff in error: "In the first place, the only justification for the

making of the order was that the plaintiff in error had been convicted of being profane, the penalty for which is fixed by section 242 of the criminal code, and the fact that he had been convicted of carrying a concealed weapon. The statute making the use of profane language a misdemeanor provides that one may be fined not more than $1 nor less than 25 cents." As plaintiff in error was found to have been ten days more than 16 years of age at the time of the commission of the offense charged in the complaint upon which he was tried, it must be apparent that the provisions of section 6, ch. 75, art. I, Comp. St. 1907, cannot be applied to this case, as that section limits the powers of courts to cases where the accused is "a boy of sane mind, under the age of 16 years." If the court possessed jurisdiction to make the order, that jurisdiction is to be found in section 5 of the same chapter. The section is as follows: "When a boy of sane mind under the age of eighteen years shall in any court of record in this state be found guilty of any crime, except murder or manslaughter, or who for want of proper parental care or other cause is growing up in mendicancy or crime and complaint is made therefor and properly sustained, the court may, if in its opinion the accused if (is) a proper subject therefor, instead of entering judgment or sentencing said boy to the penitentiary, cause an order to be entered that said boy be committed to the state industrial school, in pursuance of the provisions of this act, and a copy of said order under the usual seal of said court shall be sufficient warrant for carrying said boy to the said school, and for his commitment to the custody of the superintendent thereof."

It is contended that the clause providing for the commitment to the industrial school, "instead of entering judgment or sentencing said boy to the penitentiary," clearly implies that the order cannot be legally made unless the crime of which he is convicted is a felony, and therefore, as the charge and conviction in this case was of a low grade of misdemeanor, the case does not fall

within the provisions of the section, and all that the court had authority to do was to render judgment for the fine prescribed for the commission of that offense. While the section cannot be considered a model in lucidity and clearness of expression, yet we are unable to adopt the view contended for. The section clearly contemplates the commitment to the industrial school of boys other than those found guilty of felonies. It is thought that a proper construction of the section would be that, where a party within the specified age is convicted of any crime, except murder or manslaughter, the order may be made. To construe the section as contended for would be to deprive all boys between the ages of 16 and 18 years of the benefits of the industrial school, unless they were first convicted of a felony. Such a construction would be harsh in the extreme and prevent the application of the law to many cases to which it was the evident purpose of the legislature it should be applied.

3. It is next contended that it is a rule of criminal procedure that, where one of two or more punishments may be imposed, the court should inflict the one which would be the less severe and result in the less disgrace, and therefore the imposition of the fine should have been preferred to that of the commitment to the industrial school. Assuming that the rule of law is as contended for, we cannot agree with counsel as to its application to this case. As said by the present chief justice in *Leiby v. State,* 79 Neb. 485, "Our industrial school is not a place of punishment," nor is it in any sense a prison, no more so than our public schools upon which the law requires and enforces an attendance. It is a place of education, reformation, refinement and culture. It is a beneficent provision for the uplift of boys who by reason of their surroundings and condition are deprived of an education and moral training which are so essential to their well-being and good citizenship. This is conceded by all courts and writers upon the subject. The action of the court in sending them to the school is to avoid a "con-

viction," and change the prospective punishment into a blessing. Any other conclusion does violence to the avowed purpose of the law. Such being the case, the error of the argument is apparent.

4. The circumstances and occasion which preceded the filing of the complaint against plaintiff in error were that a third party, with plaintiff and many others, was at a church service on a Sabbath evening, and the said third party committed a slight injury to a portion of the church building, and for which the officers of the church asked reparation in the way of payment of damages. Plaintiff in error joined in the discussion, and made use of the language imputed to him in the presence of a number of persons, both ladies and gentlemen. On the trial he sought to prove the extent of the injury and damage to the church, for the purpose, no doubt, of showing that the payment asked was excessive. Upon objection by the state this evidence was excluded. Of this ruling plaintiff in error complains. We are unable to see that the ruling was erroneous, and, if it were, it could result in no possible prejudice to plaintiff in error. The fact, if true, could afford no justification or excuse for his conduct on that occasion. It was not a matter that concerned him, but, even if it had been, it could not excuse the language used.

We find no error in the proceedings, and the judgment of the district court must be, and is,

AFFIRMED.