WILLIAM REED v. STATE OF NEBRASKA.

FILED FEBRUARY 11, 1913. No. 17,850.

Criminal Law: TRIAL: SEVERANCE. Under section 465 of the criminal code, one jointly indicted with others for a felony is entitled to a separate trial as a matter of right, if the request for a separate trial is made in due season. *Metz v. State*, 46 Neb. 547, distinguished.

ERROR to the district court for Nemaha county: LEANDER M. PEMBERTON, JUDGE. *Reversed.*

*Lambert & McCarty,* for plaintiff in error.

*Grant G. Martin, Attorney General,* and *Frank E. Edgerton, contra.*

LETTON, J.

The plaintiff in error was jointly indicted with three other persons upon the charge of having committed a felonious assault with intent to inflict great bodily injury upon one Goings. Each of the defendants filed a separate motion asking for a separate trial. These motions were overruled and exceptions taken. Trial was had, and the jury returned a verdict finding the plaintiff in error guilty of assault and battery, and finding the other defendants guilty of felonious assault as charged. No bill of exceptions has been preserved. The only assignment of error we can consider, as the record stands, is that the court erred in overruling the motion for a separate trial.

At common law a defendant could not as a matter of right demand to be tried separately, and a severance at the request of either party was a matter of discretion. 1 Bishop, Criminal Procedure (3d ed.) sec. 1018. Section 465 of the criminal code provides: "When two or more persons are indicted for a felony, each person so indicted shall, on application to the court for that purpose, be separately tried." Plaintiff in error insists that the provisions of this statute are mandatory. The state contends that the motion in this case, being made immediately before the trial, was made too late, and, further, that the error, if any, was not prejudicial, since the accused was only convicted of a misdemeanor; that one guilty of a misdemeanor is not entitled to a separate trial as a matter of law, and that he was really tried for a misdemeanor.

The objection that plaintiff in error did not apply for a separate trial in time we think is not justified by the

record.   The information was filed in the district court
on May 27, 1912.   On May 29 the case was set for trial on
the morning of the 31st, and on that day the motion was
made and overruled before the selection of a jury was
begun.

The accused was charged with a felony, and when so
charged the statute clearly preserves to him the right to
be tried separately.   *Johnson v. State,* 14 Ind. 574;
*Trisler v. State,* 39 Ind. 473; *Cain v. State,* 44 Ind. 435;
*Greer v. State,* 54 Miss. 378.   In the case of *Metz v. State,*
46 Neb. 547, the defendant complained of a severance,
but did not do so until after a jury had been selected and
sworn.   It was held that this was too late, which was
undoubtedly a correct decision.   NORVAL, C. J., however,
added the statement (probably true as to the state, but,
as we are of opinion, incorrect as to the defendant) that
the severance is "in the discretion of the court."   This
question was not in the case, and must be considered as
mere dictum.   We hold, therefore, that, when the demand
is made by the accused in time, the court has no discre-
tion.   This right he may waive by failure to make the
request in proper season.   In Alabama the code fixes the
time at or before which the request must be made.   In
Washington, where there is no statutory provision as to
time, the court say: "The right to a separate trial is a
valuable one, and this section of the penal code confers it
upon a defendant.   It does not specify when the demand
shall be deemed waived.   We think this right to a sepa-
rate trial belongs to the defendant, and he may avail him-
self of the right at the time the cause is assigned for trial.
A severance of trial afterwards is in the discretion of the
court, until the jury is sworn to try the cause, subse-
quently to which time a several trial cannot be granted."
*State v. Mason,* 19 Wash. 94.   There was a dissent on this
proposition.   No other court taking this view has been
called to our attention.   There being no statute or rule
of court setting a limit of time before the trial for the
defendant to elect whether he will be tried separately, we

think the court ought not to hold that the right was waived by failing to exercise it until the day of trial.

Was the error without prejudice? The evidence not being before us, it is impossible to tell whether the defendant's conviction was not influenced by his association with the three defendants who were each found guilty of a felony.

The motion for a separate trial should have been sustained, and the judgment of the district court is therefore

REVERSED.