LESLIE H. ROLFSMEIER, PLAINTIFF IN ERROR, v. STATE OF NEBRASKA, DEFENDANT IN ERROR.

80 N. W. 2d 885

Filed February 1, 1957. No. 34069.

*McKillip, Barth & Blevens,* for plaintiff in error.

*Clarence S. Beck,* Attorney General, and *Ralph D. Nelson,* for defendant in error.

Heard before CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

CARTER, J.

Plaintiff in error, Leslie H. Rolfsmeier, hereinafter called the defendant, was charged with unlawfully operating his automobile upon a public highway in Seward County on September 30, 1955, at a rate of speed in excess of 50 miles per hour between the hours of sunset and sunrise contrary to the provisions of section 39-723, R. R. S. 1943. The defendant pleaded not guilty. On a trial by jury, defendant was found guilty and sentenced to pay a fine of $20 and costs. Defendant prosecutes error.

On October 20, 1955, a transcript on appeal was filed in the district court for Seward County which contained certified copies of the complaint, warrant, judgment, and appeal bond. It did not contain the original complaint. On February 9, 1956, the trial court directed the county attorney to cause the original complaint to be filed in the district court. This was done on February 10, 1956. The trial was commenced on February 16, 1956. The defendant concedes the right of the district court to direct the filing of the original complaint in the district court but contends that it must be done within 50 days in accordance with section 27-1306, R. R. S. 1943.

The position of the defendant is not a tenable one. It is provided in section 29-613, R. R. S. 1943, as follows: "The district court shall hear and determine any cause brought by appeal from a magistrate upon the original complaint, unless such complaint shall be found insufficient or defective, in which event the court, at any stage of the proceedings, shall order a new complaint to be filed therein, and the case shall proceed thereon the same in all respects as if the original complaint had not been set aside."

In Bays v. State, 6 Neb. 167, the court considered

the foregoing statute in a case where the original complaint was lost. The prosecuting attorney moved for leave to file a substitute complaint charging the same offense as that designated in the original, and, over the objection of the defendant, was permitted to do so. The case was tried, the defendant found guilty, and error proceedings prosecuted. This court therein said: "It is evident that, under this provision, no matter how utterly deficient the complaint sent up by a magistrate may be, even if totally wanting in the essential requisites to show the offense intended to be charged, the prosecution will not be thwarted, but 'the court shall order a new complaint to be filed,' upon which the trial must proceed. This section establishes a positive rule of practice by which the courts are of course bound whenever the original complaint is found to be defective. And it does more than this - it furnishes a safe guide to the courts in matters of practice whenever a contingency shall arise, which, although not within the letter, is clearly within the spirit of the statute. In the practice of the courts contingencies not *unfrequently* arise which the legislature has not anticipated by any suitable provision. These must be met by some general or special rule of court suited to the exigency, and which shall protect suitors in all their legal rights. It seems to us that there is quite as much necessity and reason for the substitution of a new complaint when the original is lost as there is when found to be merely defective in form or in substance."

The foregoing quotation was approved in Lindley v. State, 117 Neb. 597, 221 N. W. 706. In that case the original complaint was not before the district court or at the command of either party for the purpose of the trial. Objection was made before the impaneling of the jury on the ground that no complaint or information was on file in the district court against the defendant. The motion was overruled. A trial was had, the defendant convicted, and error proceedings brought. This

court held that the objection was timely made, and reversed the case with leave given the State to produce the original complaint if it can be found, and if not, to prepare and file a new complaint covering the same offense. This is consistent with the language of section 29-613, R. R. S. 1943, providing that the court at any stage of the proceedings shall order a new complaint to be filed in place of an insufficient or defective one.

In the instant case a certified copy of the complaint was all that was before the court on February 9, 1956. It is the duty of the court to direct the filing of a proper complaint, in this case the original, at any stage of the proceedings. The contention that the authority of the district court is limited to a period of 50 days after entry of the judgment below is in direct conflict with the statute providing that the court shall make such an order at any stage of the proceedings if it appears that the complaint is insufficient or defective. The trial judge performed a duty imposed upon him by statute in directing the filing of the original complaint in the district court. In any event, the 50-day provision contained in section 27-1306, R. R. S. 1943, relates to civil actions and has no relation to appeals to the district court in criminal proceedings.

The fact that the trial court secured a compliance with his order without making a formal written order is not material here. It is not shown that the defendant was prejudiced in any manner by the method employed. Nor may error be predicated on the fact that the defendant or his counsel was not present when the direction was given. It was a statutory procedural matter that was involved. The defendant was not prejudiced by the court orally directing a compliance with the statute with reference to the filing of a proper complaint prior to the commencement of the trial. If objection had been made before trial to the sufficiency of the complaint, it would have been error to proceed without proper corrective measures being taken. The trial court acted

in the manner contemplated by the statute. While it would have been the better practice to have made a formal record, there is no showing that the defendant was in any manner prejudiced by the method pursued. The claim of prejudicial error cannot be sustained.

The defendant contends that the evidence is insufficient to sustain the conviction. The State called but one witness, Irvin E. Minary, a member of the Nebraska Safety Patrol, who made the arrest. He testified that he made the arrest at 7:25 p.m., that the head and tail lights on defendant's automobile were lighted, that he followed defendant for a distance of one-half mile at a speed of 70 miles per hour, and that defendant was pulling away from him. Defendant denies that he drove in excess of 50 miles per hour. There was other evidence by the patrolman and the defendant as to the circumstances surrounding the incident. The issue of fact thus created was for the jury who resolved it against the defendant. The evidence was sufficient to sustain the jury's verdict. The arguments advanced in his brief were proper to be made to the jury, but they can serve no purpose here under the state of the record. There was no objection to the evidence of the patrolman herein related. The credibility of the patrolman and the weight to be given to his evidence were questions for the jury under the proper instructions. Error in the instructions is not assigned.

We find no error in the record prejudicial to the rights of the defendant. The judgment of the district court is affirmed.

AFFIRMED.