STATE OF NEBRASKA, APPELLEE, v. LOUIS WILSON, APPELLANT.

STATE OF NEBRASKA, APPELLEE, v. HOMER CHARLES SMITH, APPELLANT.

115 N. W. 2d 794

Filed June 22, 1962. Nos. 35217, 35218.

W. D. O'Shaughnessy and Edward T. Hayes, for appellants.

Clarence A. H. Meyer, Attorney General, and Homer G. Hamilton, for appellee.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, SPENCER, BOSLAUGH, and BROWER, JJ.

BOSLAUGH, J.

Separate informations were filed in the district court charging each of the defendants with robbery under section 28-414, R. R. S. 1943. Upon the motion of the county attorney, the cases were consolidated for trial pursuant to subsection (3) of section 29-2002, R. S. Supp., 1961. The jury returned separate verdicts of guilty against each defendant. The defendants filed separate motions for new trial which were overruled and each defendant has appealed from the judgment of the district court. The cases were docketed separately in this court but, by stipulation, they were consolidated for briefing and argument. For that reason they will be disposed of by one opinion.

The principal assignment of error relates to the sufficiency of the evidence to sustain the conviction of each defendant. There was evidence from which the jury could have found that a robbery occurred in front of the First & Last Chance Cafe, also known as Johnny's Blue Room, in Omaha, Nebraska, between 3 and 4 a.m., on June 24, 1961.

The defendant Smith was identified as being at the scene of the crime and pointing a gun at William Roundtree, the complaining witness, by the testimony of Janie Williamson, Nathaniel Johnson, and Roundtree. Janie Williamson testified that the defendant Smith was holding a pistol in his hand and when she stepped in front of the complaining witness, Smith said, "Don't get in the way or I will burn you," or "If you don't move I will burn you."

Nathaniel Johnson, also known as "Lightning," is the proprietor of the Seventh Ward Improvement Club which is located at 5211 South Twenty-eighth Street in Omaha, Nebraska, and just across the alley north of the First & Last Chance Cafe. Johnson testified that he saw the defendant Smith point a gun at Roundtree.

Roundtree testified that he stopped his automobile in front of the First & Last Chance Cafe; that as he got out

of his car, five men came out of the alley between the cafe and the club; that the defendant Smith, also known as "Peaches" and "Peachy," pointed a gun at him and said, "You better not do nothing or I will shoot"; and that while Smith pointed the gun at him, a second man removed a billfold and some money from his pockets and struck him.

This evidence is sufficient to sustain the conviction of the defendant Smith. There was evidence to the contrary but it merely presented a question of fact for the jury. It is not the province of this court to resolve conflicts in the evidence, pass on the credibility of witnesses, or weigh the evidence. Pulliam v. State, 167 Neb. 614, 94 N. W. 2d 51. In a criminal action this court will not interfere with a verdict of guilty based upon conflicting evidence unless the evidence is so lacking in probative force that as a matter of law it is insufficient to support a finding of guilt beyond a reasonable doubt.

The issue with respect to the defendant Louis Wilson is more difficult. The defendant Wilson is identified as having participated in the robbery only by the testimony of Roundtree. Roundtree testified that he recognized two of the men who came out of the alley. One of the men was the defendant Smith with whom Roundtree had some acquaintance. The other man was a stranger to Roundtree and Roundtree testified that he did not know the man's name. However, Roundtree positively identified a man sitting in the courtroom, "The guy right here with the jacket on," as the man who took the billfold and money from his pockets and who struck him. There is nothing specific in the record that relates this testimony directly to the defendant Wilson but it is apparent that those present at the trial understood that Roundtree was referring to the defendant Wilson when he described him as "The guy right here with the jacket on."

No other witness identified the defendant Wilson

as being present at the scene of the crime until after the robbery had taken place. Janie Williamson testified that she did not see the defendant Wilson at the scene of the crime. Nathaniel Johnson testified that the defendant Wilson was not there when the defendant Smith was pointing the gun at Roundtree and that the defendant Wilson came to the scene a little bit later. Johnson also testified that when he asked several men in an automobile to return Roundtree's billfold, a "little short guy in the back seat throwed" the billfold to the defendant Wilson and that Wilson handed the billfold to Johnson.

The testimony of a single witness which identifies a defendant as a participant in a robbery is sufficient to sustain a finding of guilt if the witness had a reasonable opportunity to observe the defendant. Small v. State, 165 Neb. 381, 85 N. W. 2d 712, 70 A. L. R. 2d 984; Wilshusen v. State, 149 Neb. 594, 31 N. W. 2d 544. The credibility of the witnesses was for the jury and the jury in this case had a right to believe Roundtree. Thus, the evidence is sufficient to sustain the conviction of the defendant Wilson although it is just barely sufficient.

The remaining assignments of error relate to an effort on the part of the defendants to introduce evidence relating to an indecent act that was supposed to have taken place in Roundtree's car some time before the robbery occurred. It is clear that this evidence did not in any manner tend to prove or disprove that a robbery occurred or who may have participated in the robbery. Evidence which does not tend to impeach any witness on a material point and which is not substantive proof of any fact relevant to the issue is properly excluded. Scherer v. State, 168 Neb. 127, 95 N. W. 2d 329. The objections of the county attorney to this evidence were properly sustained and the assignment of error is without merit.

The judgment of the district court in each of the cases is affirmed.

AFFIRMED.