STATE OF NEBRASKA, APPELLEE, V. MARY BROWN, APPELLEE, IMPLEADED WITH NORMA LEVERING ET AL., APPELLANTS.

118 N. W. 2d 328.

Filed November 30, 1962. No. 35220.

William W. Graham, for appellants.

Clarence A. H. Meyer, Attorney General, and Harold Mosher, for appellee State of Nebraska.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, SPENCER, BOSLAUGH, and BROWER, JJ.

BOSLAUGH, J.

The defendants, Norma Levering and Victoria Levering, were convicted of robbery under section 28-414, R. R. S. 1943. Their motion for new trial was overruled and they have appealed to this court. Their assignments of error are that the evidence is not sufficient to sustain their conviction; that the trial court erred in refusing to grant them separate trials, in failing to strike certain evidence, and in restricting their right to cross-examine; and that the jury ignored the instructions of the court.

There is evidence from which the jury could have found that Norman L. Runyon, the complaining witness, met the defendants at Morgan's Bar in Omaha, Nebraska, on the evening of March 24, 1961. When Morgan's Bar closed at 1 a. m., Runyon and the defendants went to 1407 Cass Street where they met Mary Brown. About 30 minutes later, as Runyon was leaving 1407 Cass Street, the defendants and Mary Brown "jumped" him when he was outside the door; that they grabbed him and started whipping his clothes off; that he had about $60 in bills in his right-hand pocket and about $400 in a billfold in his back pocket; that Mary Brown took the billfold out of his back pocket; and that Norma Levering had her hand in his other pocket while Victoria Levering was hitting him. In addition to being beaten with fists, Runyon was struck with a sharp object. When the fight was over, everything, including his car keys, had been removed from Runyon's pockets. Runyon then walked to the police station and reported the robbery. From there he was taken to a hospital and treated for bruises and lacerations about the face and head.

Although there was evidence to the contrary, the evidence was sufficient for the jury to find that Runyon was robbed by the defendants and Mary Brown as charged in the information. It is not the province of

this court to resolve conflicts in the evidence, pass on the credibility of witnesses, or weigh the evidence. State v. Wilson, *ante* p. 86, 115 N. W. 2d 794.

The defendants and Mary Brown were charged with robbery in one information. Several days before the trial the defendants filed a motion for separate trials supported by an affidavit of their attorney. The motion and affidavit appear in the transcript but the bill of exceptions does not contain any evidence which was before the trial court at the time of the ruling on the motion. Affidavits in support of a motion will not be considered by this court where they are not preserved in the bill of exceptions. Mulder v. State, 152 Neb. 795, 42 N. W. 2d 858.

Before 1957, persons who were charged jointly with the commission of a felony were entitled to separate trials as a matter of right if a timely application was made to the court for that purpose. § 29-2002, R. R. S. 1943; Reed v. State, 93 Neb. 163, 139 N. W. 1015. In 1957 the statute was amended and section 29-2002, R. S. Supp., 1961, now provides in part: "Two or more defendants may be charged in the same indictment, information, or complaint if they are alleged to have participated in the same act or transaction or in the same series of acts or transactions constituting an offense or offenses. * * * If is (it) appears that a defendant or the state would be prejudiced by a joinder of offenses or of defendants in an indictment, information, or complaint, or by such joinder of offenses in separate indictments, informations, or complaints for trial together, the court may order an election for separate trials of counts, indictments, informations, or complaints, grant a severance of defendants, or provide whatever other relief justice requires."

The right to a separate trial now depends upon a showing that prejudice will result from a joint trial. A motion for a separate trial is addressed to the sound discretion of the trial court, and its ruling on such a motion will not be disturbed in the absence

of a showing of an abuse of discretion. Opper v. United States, 348 U. S. 84, 75 S. Ct. 158, 99 L. Ed. 101, 45 A. L. R. 2d 1308; 53 Am. Jur., Trial, § 56, p. 65; 23 C. J. S., Criminal Law, § 933, p. 696.

The fact that one of several defendants had made an admission which may be received in evidence against him is not a conclusive ground for ordering the defendants tried separately even though the admission incriminates the other defendants. United States v. Caron, 266 F. 2d 49; Costello v. United States, 255 F. 2d 389. There is some danger of prejudice in any trial involving multiple defendants but severance should be denied in the absence of a showing of prejudice against which the trial court will not be able to afford protection. United States v. Lev, 22 F. R. D. 490, 276 F. 2d 605. The record in this case does not establish that the trial court abused its discretion in overruling the motion of the defendants for separate trials.

When Mary Brown was searched at the police station she was found to have $222 on her person. A police matron and a detective testified that Mary Brown said that this money had been given to her by the defendants. No objection or motion to strike was made to this testimony. The defendants now contend that the trial court on its own motion should have stricken this testimony as hearsay and instructed the jury to disregard it as to the defendants.

A defendant may not predicate error on the admission of evidence to which no objection was made at the time it was offered. Hoffman v. State, 164 Neb. 679, 83 N. W. 2d 357. A defendant may not permit questionable or incompetent evidence to be admitted without objection, take the chance of a favorable verdict, and thereafter complain of its admission. Vinciquerra v. State, 127 Neb. 541, 256 N. W. 78. The failure to object at the time the evidence was offered prevents the defendants from asserting at this time that the trial court erred in failing to exclude this testimony as to the defendants.

Both defendants testified in their own behalf. On cross-examination each defendant was questioned in regard to statements made on the day of their arrest to the county attorney at the police station in the presence of a court reporter. On rebuttal the State produced the court reporter who testified as to the statements made by the defendants. The statements made by the defendants which were proved by the State on rebuttal were not in the nature of confessions and did not directly implicate the defendants in the crime. The statements contradicted the testimony of the defendants at the trial and were admissible for the purpose of impeachment. Tatum v. State, 61 Neb. 229, 85 N. W. 40; Drewes v. State, 156 Neb. 319, 56 N. W. 2d 113.

The defendants argue that their motion to strike the testimony as to the statements made at the police station should have been sustained because it was not shown that the statements were voluntary. The argument is based upon testimony by the defendants on redirect examination that they told the county attorney that they did not want to answer any questions.

The court reporter testified that no threats or promises of leniency were made to either defendant and that each defendant was advised by the county attorney that she could consult counsel and refuse to answer any of the questions. The trial court instructed the jury that the statements could be considered only for the purpose of determining the weight of the testimony and the credibility of the witness and only if the jury found that the statements were made voluntarily and not obtained by compulsion or fear nor by any promise or inducements offered to the witness. The assignment of error is without merit.

The defendants complain that the trial court erroneously restricted their right to cross-examine the witnesses for the State. The scope of cross-examination of a witness rests largely in the discretion of the trial court, and its ruling will be upheld unless an abuse of

discretion is shown. Pierce v. State, 173 Neb. 319, 113 N. W. 2d 333.

Many of the questions to which objections were sustained related to matters which were not relevant or material to the case. Some of the questions related to the disposition of other persons arrested at the same time. Other questions were argumentative or did not properly reflect the evidence. The record does not show an abuse of discretion by the trial court in limiting the scope of cross-examination.

The case was submitted to the jury at 4:11 p. m. At 5:25 p. m., the jury returned its verdict. The defendants argue that this establishes that the jury acted with passion and prejudice, and ignored the instructions of the court.

There is no rule which requires the jury to deliberate any particular length of time. In State v. John, 11 Wis. 2d 1, 103 N. W. 2d 304, the Supreme Court of Wisconsin affirmed a conviction for murder where the jury deliberated 67 minutes after a trial which lasted for 7 days. The court noted that the jury might have considered the evidence which it believed to be so convincing that it could reach a verdict in a comparatively short time. See, also, State v. Payne (Mo.), 342 S. W. 2d 950; Sepulveda v. People (Colo.), 361 P. 2d 625; 23A C. J. S., Criminal Law, § 1368, p. 976.

The record in this case does not establish that the jury acted with passion and prejudice or ignored the instructions of the court.

The judgment of the district court is correct and it is affirmed.

AFFIRMED.