STATE OF NEBRASKA, COUNTY OF SALINE, CITY OF WILBER, APPELLEE, v. MARGUERITE SUKOVATY, APPELLANT.

135 N. W. 2d 467

Filed May 28, 1965. No. 35914.

Jack L. Craven, for appellant.

Bernard J. Ach and Clarence C. Kunc, for appellee.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, BROWER, SMITH, and McCOWN, JJ.

BOSLAUGH, J.

The defendant, Marguerite Sukovaty, was convicted in the police court of the city of Wilber, Nebraska, of the violation of an ordinance of that city. She appealed to the district court for Saline County, Nebraska, where she was again found guilty. Her motion for new trial was overruled and she has appealed to this court.

The assignments of error relate to the admission of certain evidence over objection and to certain instructions of the trial court to the jury.

The amended complaint charged that the defendant did, on September 8, 1963, in Wilber, Nebraska, "publicly curse and swear and use profane, obscene, indecent, abusive, and offensive language against A. R. Sellmeyer and at said A. R. Sellmeyer's home disturb the peace and the good order and quiet of said A. R. Sellmeyer and said city by violent, tumultuous and disorderly conduct."

A. R. Sellmeyer, the complaining witness, is the chief of police of the city of Wilber, Nebraska. The incident

which is the basis for the complaint filed in this case took place about 11 p. m. on a Sunday evening on the front porch of the home of the complaining witness in Wilber, Nebraska. On the preceding day there had been some difficulty between the complaining witness and his wife, and Mrs. Sellmeyer had spent Saturday night and Sunday with the defendant. At about 11 p. m. on Sunday evening, Mrs. Sellmeyer, with her two children and the defendant, went to the home of the complaining witness. The complaining witness refused to allow Mrs. Sellmeyer to enter the home. An argument ensued in which the defendant took part. The complaining witness requested the defendant to leave but she failed to do so. There is evidence from which the jury could find that the defendant used profane and abusive language against the complaining witness and disturbed his peace and quiet by disorderly conduct. Although the testimony of the defendant contradicts the testimony of the complaining witness, the credibility of the witnesses was a question for the jury. State v. Brown, 174 Neb. 387, 118 N. W. 2d 328. The evidence is sufficient to sustain the verdict finding the defendant guilty.

The defendant was charged with violating an ordinance which provides in part that: "Any person * * * who shall publicly curse or swear, * * * or shall in any place, public or private, disturb the peace of others or the good order and quiet of this City, by * * * disorderly conduct, * * * shall be deemed guilty of a misdemeanor." C. 12, § 2, p. 81, Municipal Code of the City of Wilber, Nebraska.

Instruction No. 6 informed the jury of the quoted provisions of the ordinance. Instruction No. 4 set out the material elements of the offense which the jury was required to find were established by the evidence before the defendant could be found guilty. These instructions were not erroneous. The court may describe the offense in the language of the statute. Harrison v. State, 133

Neb. 794, 277 N. W. 96. The ordinance does not provide that a particular intent shall be an element of the offense charged, and the trial court was not required to instruct in reference to intent as an element of that offense.

Instruction No. 6½ correctly defined the terms "disorderly conduct" and "peace." Disorderly conduct is any act which tends to breach the peace or to disturb those who hear or see it, or to endanger the morals, safety, or health of the community. 12 Am. Jur. 2d, Breach of Peace and Disorderly Conduct, § 30, p. 685. The word "peace" as used in the phrase "breach of the peace" means the tranquility enjoyed by members of a community where good order reigns. 12 Am. Jur. 2d, Breach of Peace and Disorderly Conduct, § 4, p. 666.

The defendant contends that the trial court should have instructed the jury as to provocation, aggressor, assault and battery, justification, lawful arrest, and lawful imprisonment. There were no issues in this case which involved any of these matters. The defendant was charged with using profane and abusive language against the complaining witness and disturbing the peace by disorderly conduct. Alleged misconduct on the part of the complaining witness would not be a justification or an excuse for the misconduct of the defendant. See, Roberts v. State, 82 Neb. 651, 118 N. W. 574; 12 Am. Jur. 2d, Breach of Peace and Disorderly Conduct, § 10, p. 671; 11 C. J. S., Breach of the Peace, § 7, p. 821; 27 C. J. S., Disorderly Conduct, § 2, p. 523.

On direct examination, the defendant testified that Mrs. Sellmeyer and her children had spent Sunday afternoon and evening with her and that she had no knowledge of any domestic trouble between the complaining witness and Mrs. Sellmeyer at the time she went to the home of the complaining witness with Mrs. Sellmeyer. Over objection, the plaintiff was allowed to cross-examine the defendant as to what she had done on the Saturday night preceding the incident in question.

The scope of the cross-examination of a witness rests largely in the discretion of the trial court, and its ruling will be upheld unless an abuse of discretion is shown. State v. Brown, *supra*. The cross-examination of the defendant in this case brought out the fact that the defendant had been with Mrs. Sellmeyer on Saturday night and that Mrs. Sellmeyer had spent that night at the defendant's home. The evidence in question had some relation to the testimony of the defendant on direct examination and to her credibility. The record does not show an abuse of discretion by the trial court.

The judgment of the district court is affirmed.

AFFIRMED.