STATE OF NEBRASKA, APPELLANT, V. RICHARD BRENT CHERRY, APPELLEE.

173 N. W. 2d 887

Filed January 23, 1970. No. 37360.

George A. Sommer, for appellant.

Robert M. Harris, for appellee.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, SMITH, MCCOWN, and NEWTON, JJ.

SPENCER, J.

Richard Brent Cherry, hereinafter referred to as defendant, was convicted in police court at Scottsbluff,

Nebraska, on a complaint charging that he unlawfully engaged in disorderly conduct by urinating in public. On appeal the district court sustained a motion to quash, refused to grant leave to file an amended complaint, and dismissed the complaint. The State perfected an appeal to this court.

Essentially, defendant's contention is that the complaint does not state facts sufficient to constitute an offense under the ordinances of Scottsbluff, and that the complaint does not state facts sufficient to constitute an offense which the city has power to define as disorderly conduct under the statutes of the State of Nebraska.

The complaint is as follows: "The complaint and information of George A. Sommer who, being duly sworn on oath says that Richard B. Cherry defendant, on or about the 25th day of Jan. 1969, within the corporate limits of the City of Scottsbluff, Scotts Bluff County, Nebraska then and there being, did unlawfully engage in disorderly conduct by urinating in Public contrary to the ordinance in that behalf provided."

Section 1 of ordinance No. 1566 of the city of Scottsbluff is as follows: " '14-301. It shall be unlawful for any person or persons within the city to indulge or engage in any riotous, tumultuous or disorderly conduct; to take part in any disorderly assembly; to be an inmate of a disorderly house or attend or visit any such house; to fight by agreement or otherwise; to quarrel; to engage in lewd, indecent or lascivious behavior; or to do or engage in any other disorderly act or conduct tending to disturb the peace and quiet of the city.' "

Scottsbluff is a city of the first class. Section 16-228, R. R. S. 1943, provides as follows: "A city of the first class by ordinance may provide for the punishment of persons disturbing the peace and good order of the city by clamor and noise, by intoxication, drunkenness, fighting, or using obscene or profane language in the streets or other public places, or otherwise violating the public

peace by indecent and disorderly conduct, or by lewd or lascivious behavior."

It should be obvious that each and every act which may constitute disorderly conduct cannot be particularized in an ordinance. It is sufficient to categorize generally those groups of offenses to be prohibited. The motion to quash should have been overruled.

Defendant's conduct, depending upon the circumstances, would be embraced within the general term "indecent behavior" and could, by shocking the public sense of morality, be a disorderly act which in our society might tend to disturb the peace and quiet of the city.

The term "disorderly conduct" is one of general or indefinite meaning, but generally signifies any conduct which tends to breach the peace or to disturb those who see or hear it; to endanger the morals, safety, or health of the community; or to shock the public sense of morality. See State v. Sukovaty, 178 Neb. 779, 135 N. W. 2d 467.

This action, although criminal in form, is a civil one for the collection of a penalty. In such cases the general rule is that unless there is a complete failure to state a cause of action, the complaint will be sufficient on appeal. See State v. Novak, 153 Neb. 596, 45 N. W. 2d 625. The offense was described with sufficient particularity to inform the defendant as to the nature of the specific disorderly conduct with which he was charged. In any event, if the district court believed the complaint to be insufficient, which we do not, it should have permitted the filing of an amended complaint. See Rolfsmeier v. State, 163 Neb. 659, 80 N. W. 2d 885.

The judgment of dismissal is set aside, the motion to quash overruled, and the cause is remanded for further proceedings consistent with this opinion.

REVERSED AND REMANDED.