STATE OF NEBRASKA, APPELLEE, v. JAMES TINDELL, APPELLANT.

178 N. W. 2d 571

Filed June 26, 1970. No. 37492.

Albert W. Crites, for appellant.

Clarence A. H. Meyer, Attorney General, and James J. Duggan, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, SMITH, McCOWN, and NEWTON, JJ., and CHADDERDON, District Judge.

NEWTON, J.

The defendant James Tindell was charged with burglary in respect to the entering of the American Legion Club in Chadron, Nebraska, during the early morning hours of August 2, 1969. A jury was waived and trial

had to the court. Defendant was found guilty and judgment entered against him.

Defendant was occupying a room in a Lusk, Wyoming, hotel with Walter Allen Green and James Lee Birdwell. The latter two pleaded guilty to the same offense as that with which defendant was charged. On the evening of August 1, 1969, the three of them drove to Chadron, Nebraska, visited two bars and went to the Legion Club. There they had some drinks in the bar where they were served by the manager Richard Chappell to whom Birdwell spoke about a wall switch in the barroom. They then entered the dining room and had dinner during which time they were under Mr. Chappell's observation for 5 or 10 minutes. On leaving the Legion Club they visited several other bars. Mr. Chappell closed the club that evening, locked all doors, and drove a waitress home. He then returned to the club to take care of the day's receipts and entered the kitchen to get a sandwich. The only lights on were a small one under the back bar in the barroom and the kitchen light. A $100 bill, to be raffled off, was hanging on a wall in the barroom stapled to a sheet of paper. Shortly after 1 a.m. on August 2, 1969, Mr. Chappell heard a noise and opened the kitchen door. He was threatened and ordered to withdraw back into the kitchen. This he did, but testified he saw the defendant, Green, and Birdwell in the barroom. He identified defendant by his blue suit and blonde hair. The $100 bill and a little other money were taken.

When the police investigated, they found entry had been effected by removing screws from a window screen and bending it up. A footprint found under the window was photographed. Two screwdrivers were found, one under the window and one on the bar. The three men were arrested in Lusk, Wyoming, on August 2, 1969, and the $100 bill was found in the back of a clock in their hotel room.

Defendant testified he was intoxicated, went to sleep

in the back of the car, did not participate in the crime, and knew nothing of it until told about it the following day. Birdwell and Green corroborated defendant's story saying that they entered the Legion Club in the absence of defendant. They admitted the screwdrivers belonged to Green and were used to effect entrance through the window, being interrupted by Mr. Chappell, and taking the $100 bill and hiding it in the clock.

Defendant contends the evidence is insufficient to sustain the charge that he participated in the crime; that he was too intoxicated to formulate an intent to steal; and that the two screwdrivers and the picture of the footprint were erroneously admitted in evidence.

The evidence clearly establishes that the two screwdrivers were used to gain entrance to the Legion Club through a window. This evidence, together with that regarding the footprint, simply serves to prove the unlawful and forceful breaking and entering, a fact admitted by defendant. It could not be detrimental or prejudicial to defendant in any conceivable manner. It was admissible in any event as it tended to prove an essential element of the crime, an unlawful entry. Weapons or other instruments of crime which are so connected with the crime charged as to throw light thereon, or which it is reasonable to infer were used in committing it, are admissible even though not shown to be connected with the accused, as where they tend to throw light on issues other than defendant's connection with the crime. See, 22A C. J. S., Criminal Law, § 712a, p. 956, § 712b, p. 964; State v. Stroh, 181 Neb. 24, 146 N. W. 2d 756. In any event, there was evidence placing defendant at the scene of the crime and actively participating in it. This, in view of the evidence of his companions, directly connects him with the items of evidence to which he now objects.

The evidence is conflicting in regard to defendant's participation in the crime. He and his friends contend he was not present, but he was positively identified by

Mr. Chappell as a participant. The three men had been drinking together throughout the evening. Neither Birdwell nor Green testified that defendant was in such a state of intoxication as to be unaware of his actions and defendant concedes he had still been able to walk a considerable distance a short time before the offense was committed. According to Mr. Chappell, defendant had been able to enter the Legion Club through the window and take part in the theft. In fact, the defendant himself has not stated he was in such a mental state, due to intoxication, as to be unaware of his actions. He says only that he was intoxicated, was asleep in the car, and a nonparticipant. These are factual questions to be resolved primarily by the trial court. It is not the province of the Supreme Court to resolve conflicts in the evidence, pass on the credibility of witnesses, or weigh the evidence, unless it is so lacking in probative force that it is insufficient to support, as a matter of law, a finding of guilt beyond a reasonable doubt. See, State v. Brown, 174 Neb. 387, 118 N. W. 2d 328; State v. Wilson, 174 Neb. 86, 115 N. W. 2d 794. We find the evidence of defendant's guilt to be sufficient to merit our sustaining his conviction.

The judgment of the district court is affirmed.

AFFIRMED.