STATE OF NEBRASKA, APPELLEE, v. STEVE MARTINEZ,
APPELLANT.

148 N. W. 2d 841

Filed February 24, 1967. No. 36421.

J. Cedric Conover, for appellant.

Clarence A. H. Meyer, Attorney General, and Harold Mosher, for appellee.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, SMITH, McCOWN, and NEWTON, JJ.

BOSLAUGH, J.

The defendant, Steve Martinez, was convicted of burglary. His motion for new trial was overruled and he has appealed.

The evidence shows that the Gamble Store in Bridgeport, Nebraska, was burglarized on February 16, 1966. The defendant's automobile was seen parked near the store at the time of the burglary, and an accomplice, Larry Rupp, testified in detail as to the defendant's participation in the crime. The defendant denied that he participated in the burglary and testified that he was in Scottsbluff, Nebraska, at the time. Several other witnesses corroborated his testimony.

The effect of the defendant's evidence was to present a question for the jury. It is not the province of this court to resolve conflicts in the evidence, pass on the

credibility of witnesses, or weigh the evidence. State v. Sheldon, 179 Neb. 377, 138 N. W. 2d 428. The evidence of the State, if believed, was sufficient to sustain the conviction. See Rains v. State, 173 Neb. 586, 114 N. W. 2d 399.

The defendant was arrested in Scottsbluff, Nebraska, on the day following the burglary but was not brought before a magistrate in Morrill County until May 4, 1966. The defendant claims that this was a violation of his constitutional right to a speedy trial. The record indicates that the delay was caused by the fact that the defendant was being held in Scotts Bluff County in connection with a break-in at Morrill, Nebraska. The record does not show a violation of the defendant's right to a speedy trial.

Before the trial commenced, the State was granted leave to endorse the name of Gene Gasseling upon the information as a witness for the State. The motion recited that the name of the witness was unknown at the time the information was filed and that the witness had not been found until late in the afternoon of the preceding day. The defendant moved for a continuance which was denied. The trial court stated that the motion was overruled on the condition that the defendant's counsel be given an opportunity to interview the witness before he was called to the witness stand.

Gasseling, who was a trusty at the county jail in Gering, Nebraska, at that time, testified to conversations which he had overheard between defendant, Rupp, and a third participant, Dave Rico. Apparently, there had been a tentative arrangement for Rupp to assume the entire guilt, but Rupp later implicated the defendant in the burglary. Gasseling's testimony tended to corroborate Rupp and was cumulative in nature.

A motion for continuance is addressed to the sound discretion of the trial court and, in the absence of an abuse of discretion, the denial of a continuance is not error. State v. Kent, 174 Neb. 115, 116 N. W. 2d 31.

Under the circumstances in this case, the denial of the defendant's motion for a continuance was not error.

The defendant also complains that his counsel was not allowed to talk with Rupp or Rico until just before they were called to testify. Counsel for the defendant had been appointed prior to the preliminary hearing in county court on May 12, 1966. The trial in the district court did not commence until June 22, 1966. The record does not show what efforts were made to interview Rupp or Rico before trial; that the defendant's counsel was denied access to either witness; or that the matter was presented to the trial court at any time before trial. Under the facts and circumstances of this case, the assignment of error is without merit.

The defendant further contends that the cross-examination of Rupp was unduly restricted by the trial court. Rupp was questioned about an interview with a state patrolman in which Rupp had stated that he wanted to testify that the defendant had not participated in the burglary. Then the following occurred: "Q Then, as a result of that, yesterday, I guess you were charged with—

"THE COURT: Mr. Conover, the pendency of charges is irrelevant."

Earlier, the defendant had been permitted to show that Rupp had been advised by the county attorney to tell the truth and that he would be charged with perjury if he testified falsely. The following had occurred: "Q Did he tell you that if you varied from that statement, he would prosecute you for perjury? A No, not to me, he didn't say nothing. Q But he did that the other day? A Yes."

The scope of the cross-examination of a witness rests largely in the discretion of the trial court. State v. Brown, 174 Neb. 387, 118 N. W. 2d 328. In this case the defendant had cross-examined Rupp in detail as to his prior inconsistent statements and had been allowed to show that Rupp had been charged with perjury. Under

these circumstances, the ruling of the trial court was not an abuse of discretion.

The judgment is affirmed.

AFFIRMED.