STATE OF NEBRASKA, APPELLEE, v. DONALD J. MYERS,
APPELLANT.

153 N. W. 2d 360

Filed October 6, 1967. No. 36538.

Sodoro & Meares, for appellant.

Herbert M. Fitle, Charles A. Fryzek, Gary P. Bucchino, John B. Abbott, John A. Gutowski, Raymond E. Gaines, Theodore L. Carlson, Thomas E. Brown, and William J. Gallup, for appellee.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, SMITH, McCOWN, and NEWTON, JJ.

BOSLAUGH, J.

The defendant, Donald J. Myers, was convicted of violating an ordinance of the city of Omaha, Nebraska, by enticing a minor under 18 years of age with intent to take indecent liberties with the person of the child. His motion for new trial was overruled and he has appealed.

The sole issue presented by the assignments of error is the sufficiency of the evidence to sustain the conviction.

The prosecuting witness, known as Susie, was 8 years of age. She testified that on the date of the offense she

was playing with Sandra in the back yard of Sandra's home which is adjacent to that of the defendant; that the defendant called to her and said that he had some candy for her; that she entered the defendant's house with him; that the defendant placed his hand inside of her shorts and unzipped his trousers; that the defendant exposed a part of his person and asked her to touch it; and that the defendant gave her some candy which she then took outside and gave to the other children.

The prosecuting witness further testified that she gave the remaining candy to Sandra's mother and then returned outside and told Sandra what had happened. The two girls then went back into Sandra's home and told Sandra's mother what had happened. They then went to Susie's home and told Susie's mother what had happened. Susie's mother called the police, and the defendant was arrested later that day.

The defendant denied that anything improper had occurred. He testified that he had called to the children for one of them to come and get the candy and that he had handed it out the screen door to Susie. The effect of the defendant's evidence was to present a question of fact for the jury.

The credibility of witnesses and the weight of their testimony are questions for the jury. State v. Sukovaty, 178 Neb. 779, 135 N. W. 2d 467. It is not the province of this court to resolve conflicts in the evidence, pass on the credibility of witnesses, or weigh the evidence. State v. Adams, 181 Neb. 75, 147 N. W. 2d 144.

The testimony of Sandra, Sandra's mother, Susie's mother, and the arresting officer tended to corroborate Susie's testimony as to the material facts and circumstances. This is sufficient. State v. Burton, 174 Neb. 457, 118 N. W. 2d 502. It is not essential that the prosecutrix be corroborated by other witnesses as to the particular act constituting the offense.

The evidence in this case, if believed, was sufficient

to sustain the conviction. The judgment of the district court is correct. and it is affirmed.

AFFIRMED.