STATE OF NEBRASKA, APPELLEE, v. DALE DEARDURFF, APPELLANT.

180 N. W. 2d 890

Filed November 6; 1970. No. 37580.

Davis, Thone; Bailey, Polsky & Hansen and Keith A. McIntyre, for appellant.

Clarence A. H. Meyer, Attorney General, and Bernard L. Packett, for appellee.

Heard before WHITE, C. J.; CARTER, SPENCER, BOSLAUGH, SMITH, McCOWN, and NEWTON, JJ.

SMITH, J.

Defendant appeals from his conviction for statutory rape. He contends: (1) The trial court unduly restricted cross-examination of the complaining witness; (2) testimony to her complaints was hearsay; and (3) reception of his confession in evidence after the custodial interrogating officers had ignored his demand for an attorney was erroneous.

The complaining witness, born July 17, 1955, testified to sexual intercourse with defendant, age 34, on July 5, 1969, the date of the alleged offense, and on previous occasions. Prior to July 5, she had reported his actions to her mother. The mother paid no attention. The little girl feared defendant who, in her presence, had hurt other children.

On July 11, 1969, about 3:30 p.m., a Mrs. Fisher, a close friend who employed the girl as a babysitter, asked her whether defendant had molested her. The girl answered: "Yes."

Defendant was arrested at work on July 11, 1969, at 9 p.m. Enroute to the police station, Detective Valentine of the Lincoln police department fully informed defendant of the latter's constitutional rights, including the right to counsel. Valentine then asked whether defendant would willingly do without services of a lawyer. Defendant replied that he first desired to speak to the girl's mother. Valentine informed him that the mother was also in custody and that defendant could not then see her. Defendant repeated his desire to see the mother. Valentine repeated the question concerning waiver. Defendant indicated that he did not want to talk to Valentine at that time.

Upon arrival at the station, Valentine informed defendant the latter had permission to make a phone call to a lawyer. Defendant said: ". . . he did not know a lawyer; he could not afford one; and did not want to talk with one at that time." The next conversation occurred about 5 p.m., July 12. Valentine again fully advised defendant of the latter's constitutional rights. He then asked whether defendant was willing to talk or make a statement. Defendant replied: "Yes." The written confession was given between 7:30 and 8 p.m.

The latitude of cross-examination which is within the discretion of the court is wide. See, State v. Martinez, 181 Neb. 392, 148 N. W. 2d 841 (1967); Sherrick v. State, 157 Neb. 623, 61 N. W. 2d 358 (1953). The questions to which the court sustained objections on cross-examination of the girl were unduly repetitive or argumentative. The court did not abuse its discretion.

One to whom the complaining witness has complained may testify to the fact and nature of the complaint if the complaint was made voluntarily and without inconsistent delay. Sherrick v. State, supra. We

reject any hard and fast rule that a complaint in form of an answer to a question is involuntary. In the circumstances of this case, especially the mother's callosity, the girl's fear of defendant, and the setting of Mrs. Fisher's question, the girl's answer was admissible in evidence.

A defendant may effectively waive his right to counsel at a custodial interrogation, provided he does so voluntarily, knowingly, and intelligently. State v. Johns, 185 Neb. 590, 177 N. W. 2d 580 (1970). We cannot catalog all situations in which waivers are effective. Substantial evidence in this case supports the trial court's finding that defendant effectively waived his right to counsel at the custodial interrogation.

The judgment is affirmed.

AFFIRMED.