STATE OF NEBRASKA, APPELLEE, V. RONALD HIATT, APPELLANT.

207 N. W. 2d 678

Filed June 1, 1973.   No. 38854.

Paul E. Watts, Stephen Greenberg, and J. Joseph McQuillan, for appellant.

Clarence A. H. Meyer, Attorney General, and Ralph H. Gillan, for appellee.

Heard before SPENCER, BOSLAUGH, SMITH, McCOWN, NEWTON, and CLINTON, JJ.

BOSLAUGH, J.

The defendant was convicted of assault and battery and sentenced to 180 days' imprisonment. He appeals contending the evidence was insufficient to sustain the conviction and the trial court erred in receiving the verdict in the absence of counsel for the defendant.

The charges arose out of a fight on December 12, 1971, in a parking lot near a shopping center in Sarpy County, Nebraska. The defendant and his brother, Richard Hiatt, had gone to the Convenient Food Mart to purchase beer, groceries, and candy. When they entered the checkout line, Barry Lee accused the de-

fendant of stepping in front of him. The defendant made some remark to Lee and then went to the end of the line. After Lee and a companion, John Gearhart, had checked out they went to the parking lot and entered Lee's automobile. The evidence is in sharp conflict as to what happened after the defendant and his brother left the store.

The jury could find the defendant and his brother assaulted Lee as Lee and Gearhart were starting to drive away from the parking lot. In the fight that ensued, Lee received knife wounds in the chest, back, neck, arm, and along his beltline. Both Lee and Gearhart testified positively the defendant had a knife in his hand during the fight. The defendant received a stab wound in his leg which could have been accidentally self-inflicted during the fight.

The jury was not required to accept the testimony of the defendant and his brother. Both had been previously convicted of felonies and were impeached to some extent by circumstantial evidence and the testimony of disinterested witnesses. It is not the province of this court to resolve conflicts in the evidence, pass on the credibility of witnesses, or weigh the evidence. State v. Martinez, 181 Neb. 392, 148 N. W. 2d 841. These are questions for the jury in a criminal case. State v. Myers, 182 Neb. 117, 153 N. W. 2d 360. The evidence in this case was clearly sufficient to sustain the verdict of guilty.

After the instructions had been read to the jury, the county attorney stated he would waive his presence when the verdict was returned. According to the trial court, the defendant's counsel upon inquiry by the court stated: " 'I will, too.' " Defendant's counsel denies he made such a statement. No record was made at the time but at the hearing on the motion for new trial the trial court and defendant's counsel stated their recollection as to what had been said.

Defendant's counsel had asked the clerk to call him

when the jury came in. Although the clerk did not testify, this could have been understood as a request to advise defendant's counsel as to the nature of the verdict.

Apparently defendant's counsel was not notified when the verdict was returned and was not present in court when it was received. The defendant was present. After the verdict had been read, the trial court asked the defendant if he wanted the jury polled, explaining that meant questioning each juror individually. The defendant replied in the negative.

The defendant's right to have the jury polled depended upon a request being made. § 29-2024, R. R. S. 1943; Feddern v. State, 79 Neb. 651, 113 N. W. 127. In the absence of defendant's counsel the trial court extended this right to the defendant and explained what it meant. The defendant did not request that the jury be polled. Under the circumstances we conclude the right was waived and the trial court was not required to poll the jury.

The judgment of the District Court is affirmed.

AFFIRMED.