STATE OF NEBRASKA, APPELLEE, V. RICCARDO SILVACARVALHO, APPELLANT.

227 N. W. 2d 602

Filed April 3, 1975. No. 39714.

T. Clement Gaughan, Richard L. Goos, and Robert I. Eberly, for appellant.

Paul L. Douglas, Attorney General, and Marilyn B. Hutchinson, for appellee.

Heard before WHITE, C. J., McCOWN, NEWTON, and CLINTON, JJ., and KELLY, District Judge.

NEWTON, J.

Defendant was convicted of burglary and being an habitual criminal. On appeal he assigns as error insufficiency of the evidence and erroneous amendment of the information in regard to the date of a prior conviction. We affirm the conviction.

The evidence reflects that the Consolidated Supply Company building in Lincoln was entered in the early morning hours on February 15, 1974. Two vending machines were broken into and the small change taken. A pocketknife was also missing. Defendant had worked there 2 or 3 hours a few weeks before. He was seen in the vicinity at a late hour on February 14 and again early on the morning of February 15. When arrested the defendant had $4.30 in small change and a knife similar to the one taken. His shoes contained glass particles identified as similar to the glass in a window broken in gaining entry. Defendant's defense was an alibi. He had been staying at the City Mission and had signed in that night. It was possible for him to leave after signing in. One inmate testified the defendant was in bed every night during February but had no specific

recollection of the night in question or of other nights. The evidence was sufficient to sustain the conviction if believed. It presented a jury question. It is not the province of this court to resolve conflicts in the evidence, pass on the credibility of witnesses, or weigh the evidence. See State v. Hiatt, 190 Neb. 315, 207 N. W. 2d 678.

The information charged defendant with being an habitual criminal. An error was made in the date of one conviction. On May 29, 1974, subsequent to trial, an amendment was permitted to correct the date. A 12-day continuance was granted to file briefs. The amendment was permitted on June 11 and the hearing on the habitual criminal charge was held on July 8. The exact time of the commission of an alleged prior felony is not of the essence of a charge under the Habitual Criminal Act and the failure of the information to accurately state the time of a prior felony does not render the information insufficient. See State v. Harig, 192 Neb. 49, 218 N. W. 2d 884. In this instance the defendant had ample time and opportunity to meet any situation presented by the amendment and was not prejudiced.

Defendant further stated that he was represented by incompetent counsel at the time of one of the prior convictions. The record fails to sustain this allegation.

Defendant received a sentence of 12 to 15 years. Although not an assignment of error, he urges the sentence is excessive. The sentence is well within the 10 to 60 years provided by section 29-2221, R. S. Supp., 1974, and the complaint is without merit.

The judgment of the District Court is affirmed.

AFFIRMED.