STATE OF NEBRASKA, APPELLEE, V. FORREST W. HURLBURT, APPELLANT.
352 N.W.2d 602

Filed July 27, 1984. No. 83-581.

J. William Gallup, for appellant.

Paul L. Douglas, Attorney General, and Linda L. Willard, for appellee.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, SHANAHAN, and GRANT, JJ.

PER CURIAM.

Forrest W. Hurlburt was charged with two counts of second degree murder—the murder of Allan Thingstad and the murder of Matthew Meisinger. Hurlburt entered his not guilty plea to each count and claimed the killings were done in self-defense. A jury found Hurlburt not guilty of the Thingstad murder but guilty of manslaughter regarding Meisinger's death. The district court for Cass County, Nebraska, sentenced Hurlburt to an indeterminate term of 6 years and 8 months to 20 years in the Nebraska Penal and Correctional Complex. We affirm.

Hurlburt and a group of coworkers got off work early in the morning of September 11, 1982, and proceeded to a bar in Louisville, Nebraska, where Hurlburt met Lisa Owen and several other friends. Thingstad and Meisinger were also in the bar. While Hurlburt and others were playing pool in the bar, Thingstad approached the pool table and made rude comments to Lisa Owen. Thingstad also challenged the male members of Hurlburt's party to a fight, an offer which was declined. Thingstad then went to a table occupied by two girls, Cathy and Becky, where he dropped his pants. Owen, Hurlburt, and friends left the bar, and the bar owner escorted Thingstad outside. Shortly after he left the bar, Hurlburt obtained a .25-caliber automatic pistol from one of his group. Lynn Kellogg, a member of the Hurlburt group, heard Hurlburt say that the "big guy" (Thingstad) was not going to jump on his back.

As they were leaving the bar, Thingstad and Meisinger approached Hurlburt's group, and Thingstad said, "Which one of you guys would like to go in this vacant lot with us and get it on?" Although the Hurlburt group started to leave, Hurlburt returned downtown to locate one of his friends, Roger Hassebroek. Hurlburt had explained to Lisa Owen that the gun was for her protection; he did not want to shoot anyone; he did not want to go to the penitentiary; but he was not leaving until Hassebroek was out of downtown safely.

Hurlburt and Lisa Owen got out of the car, and, shortly afterward, Thingstad, also known as "Animal," began chasing Lisa Owen around Hurlburt's car. After Thingstad failed to catch Lisa Owen, Hurlburt attempted to get into his car and leave. However, Hurlburt was restrained by Meisinger, who

said, "You ain't going nowhere. The big one [Thingstad] wants to talk to you." In the conversation that followed between Hurlburt and Thingstad, Hurlburt told Thingstad he could get an after-hours drink down the street. Thingstad replied, "If you're lying to me, you're a dead man."

Hurlburt was again attempting to get into his car when someone struck him from behind and caused him to spin around. Hurlburt believed he saw somebody holding a knife over his head. Hurlburt, who had been carrying the gun in plain view, fired one shot, fatally striking Meisinger in the heart. Someone yelled, "Kill that mother fucker," and Hurlburt saw Thingstad advancing toward him in a menacing manner. Hurlburt backpedaled as fast as he could as Thingstad ran toward him with his left arm extended, his fingers spread apart, and his right arm at his side with his fist clinched. At Thingstad's contact, Hurlburt fired, striking Thingstad in the heart and causing his death. Hurlburt immediately left the scene of the shooting, but returned soon to turn himself in to the police.

Hurlburt claims the court erred in overruling his motion to dismiss at the close of the State's evidence, and argues that the evidence is insufficient to support the jury's findings.

Since the jury has acquitted Hurlburt regarding Thingstad's death, there is no prejudice and, therefore, no error in the trial court's failure to sustain Hurlburt's motion to dismiss the murder charge involving Thingstad.

The only question is whether the trial court erred in overruling the motion to dismiss the murder charge arising out of Meisinger's death.

> In determining the sufficiency of evidence to sustain a criminal conviction, this court does not resolve conflicts in the evidence, pass upon the credibility of witnesses, determine the plausibility of explanations, or weigh the evidence, and a verdict rendered thereon must be sustained if, taking the view of such evidence most favorable to the State, there is sufficient evidence to support it.

*State v. Miner*, 216 Neb. 309, 313, 343 N.W.2d 899, 902 (1984). Cf., *State v. Cano*, 191 Neb. 709, 217 N.W.2d 480 (1974); *State v. Hiatt*, 190 Neb. 315, 207 N.W.2d 678 (1973); *State v. Harig*, 192 Neb. 49, 218 N.W.2d 884 (1974). See, also, *State v. Isley*,

195 Neb. 539, 239 N.W.2d 262 (1976). We recognize that the jury was free to reject the testimony of Hurlburt when he said that he believed it was Meisinger with the knife. In other words, the jury could reject Hurlburt's contention that the shooting was in self-defense. There is sufficient evidence to support the jury's verdict that Hurlburt was guilty of manslaughter in the death of Meisinger.

Concerning Hurlburt's motion to dismiss, such assignment is without error. At the time the motion was made the State had introduced competent evidence which, if believed by the jury, was sufficient to establish all the elements of the crimes charged against the defendant. Cf. *State v. Reeves*, 216 Neb. 206, 344 N.W.2d 433 (1984).

Hurlburt next asserts that the trial court erred in not sustaining his motion for new trial. The motion for new trial is not contained in the record. Therefore, there is no error preserved for review in this court. Further, although the action of the trial court in overruling Hurlburt's motion for new trial is assigned as error, Hurlburt's assignment of error in this regard is not argued in his brief. Errors not discussed or argued in the appellant's brief will not be considered by the court. See Neb. Ct. R. 9D(1)d (Rev. 1983).

The last assignment of error is that the district court imposed an excessive sentence under the circumstances.

Manslaughter is a Class III felony, punishable by imprisonment of not less than 1 year nor more than 20 years, a $25,000 fine, or any combination of such fine and imprisonment. See Neb. Rev. Stat. § 28-105 (Reissue 1979). Neb. Rev. Stat. § 83-1,105(1) (Reissue 1981) provides in part that "the minimum limit fixed by the court shall not be less than the minimum provided by law nor more than one-third of the maximum term, and the maximum limit shall not be greater than the maximum provided by law." "It is a well-settled rule that the court on appeal will not disturb a sentence imposed within the limits prescribed by statutes unless there has been an abuse of discretion on the part of the trial court imposing the sentence." *State v. Neal*, 216 Neb. 709, 713, 346 N.W.2d 218, 221 (1984). See, also, *State v. Parks*, 212 Neb. 635, 324 N.W.2d 673 (1982).

The sentence imposed, although the maximum allowed, was

within the statutory limits. This court will not disturb the sentence of the trial court unless there is an abuse of discretion apparent on the record. Hurlburt argues that the district court abused its discretion, and supports that allegation in comments by the trial court, namely, "[I]n looking at this evidence, I feel that it would have supported either one of the more serious offenses [first or second degree murder]." The trial court, before pronouncing sentence on Hurlburt, mentioned three considerations regarding the sentence to be imposed, namely, the risk of the offender engaging in criminal conduct, need for correctional treatment, and a lesser sentence depreciating the seriousness of the crime for promoting disrespect for the law. See Neb. Rev. Stat. § 29-2260(2) (Cum. Supp. 1982). Remarks of a sentencing court judge about possible adverse verdicts which might have been returned against a defendant do not demonstrate per se an abuse of discretion on the part of the sentencing court. There has been no abuse of discretion on the part of the trial court regarding the sentence imposed on Hurlburt.

The judgment of the district court is in all respects affirmed.

AFFIRMED.

CAPORALE, J., participating on briefs.