STATE OF NEBRASKA, APPELLEE, V. KEVIN C. POLYASCKO,
APPELLANT.
397 N.W.2d 633

Filed December 19, 1986. No. 86-490.

Patrick W. Meyer of Westergren, Hauptman, O'Brien, Wolf & Hadley, P.C., for appellant.

Herbert M. Fitle, Omaha City Attorney, and Gary P. Bucchino, Omaha City Prosecutor, Richard M. Jones, and David F. Smalheiser, for appellee.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ.

WHITE, J.

This is an appeal from the district court for Douglas County which affirmed the judgment of the county court. Appellant, Kevin C. Polyascko, was charged with violating Omaha Mun. Code, ch. 20, art. IV, § 20-92 (1980), taking indecent liberties with a child, and third degree sexual assault in violation of Neb. Rev. Stat. § 28-320 (Reissue 1985). At the close of the testimony the county court found Polyascko guilty of violating the Omaha city ordinance, and he was sentenced to 60 days in jail and ordered to pay a fine of $300. This appeal followed.

The appellant was arrested on or about September 27, 1985, and a trial date was fixed for November 12, 1985, at 9 a.m. The date on which the trial was set is not shown by the record. On October 30, 1985, appellant's retained counsel asked permission to withdraw. Though notice to appellant of the filing of the motion is not shown, the appellant, on November 3, contacted other counsel, whom he first saw on November 9, 2 days after the first counsel was granted permission to withdraw by a county judge.

At 9 a.m. on November 12, 1985, appellant appeared in the county court and stated that he was not ready to proceed to trial. He informed the court that he had secured new counsel, but his attorney was not available for trial on that date. While the record is unclear as to how long before the date of the trial Polyascko knew of his counsel's desire to withdraw, the trial judge determined that at least as of October 30, 1985, appellant knew that his counsel wanted to withdraw. Polyascko admitted to receiving a copy of the motion to withdraw; however, he did not attend the hearing on the motion. The case was continued until 2 o'clock that afternoon to enable appellant to secure other counsel.

At trial appellant appeared with substitute counsel at 2 p.m., and the motion for continuance was not renewed. The victim and a police officer to whom the victim had related the details of the assault were called as witnesses. The appellant also testified.

Appellant assigns as error the failure of the trial court to grant a further continuance and the court's finding that the appellant was guilty of taking indecent liberties with a minor. We affirm.

As to appellant's first assignment of error, we note that this court has frequently stated that a motion for a continuance is addressed to the sound discretion of the trial court and will be upheld on appeal absent an abuse of discretion. *State v. Broomhall*, 221 Neb. 27, 374 N.W.2d 845 (1985). Appellant contends that he was not given adequate time to prepare his defense. This issue has been addressed numerous times by this court. In *State ex rel. Douglas v. Schroeder*, 222 Neb. 473, 384 N.W.2d 626 (1986), the appellant moved for a continuance and the appointment of counsel because his attorney had filed a motion to withdraw previously. The appellant's counsel was not granted leave to withdraw, and appellant chose to proceed to trial without counsel. The trial was not completed on the first day, and appellant was able to secure counsel for the second and final day of trial. No prejudice or abuse of discretion was found to exist. In *State v. Richter*, 221 Neb. 487, 378 N.W.2d 175 (1985), the appellant appeared at trial without an attorney, stating that he did not have the money to retain counsel. His motion for a continuance until the end of the month when the appellant expected to receive some money was denied on the ground that the appellant could have contacted the court at any time prior to the start of his trial and made arrangements for counsel to be provided. No prejudice or abuse of discretion was found to exist. In *Richter* we noted the language of the U.S. Court of Appeals for the Second Circuit in the case of *United States v. Arlen*, 252 F.2d 491, 494-95 (2d Cir. 1958), which reads:

> Although the right to assistance of counsel is absolute, United States v. Morgan, 2 Cir., 1955, 222 F.2d 673, the exercise of that right is subject to the necessities of sound judicial administration. Further, the right itself, being personal, may be waived. See Johnson v. Zerbst, 1938, 304 U.S. 458, 464, 58 S. Ct. 1019, 82 L.Ed. 1461. We think it clear that although a defendant able to retain counsel is entitled to a reasonable time to secure counsel, he may not

indefinitely postpone trial by continued applications for more time to seek representation. Whether additional time should be granted is within the sound discretion of the trial court. Further, where a defendant able to retain counsel has been advised by the court that he must retain counsel by a certain reasonable time, and where there is no showing why he has not retained counsel within that time, the court may treat his failure to provide for his own defense as a waiver of his right to counsel and require such defendant to proceed to trial without an attorney. Such a waiver is similar in its consequences to an election made by an indigent defendant.

From these cases it is clear that the trial court's action did not constitute an abuse of discretion. Appellant has not demonstrated that he was prejudiced by proceeding with his trial. It is evident from the record that the appellant was aware of his counsel's desire to withdraw at least as early as October 30. Appellant made no effort to obtain a continuance prior to the date of trial and replaced his original counsel with an attorney who could not be in court on the date scheduled for appellant's trial. In view of the case law cited above and the facts of this case, we find this assignment of error to be without merit.

The appellant's second assignment of error, that the evidence presented at trial was insufficient to find the appellant guilty beyond a reasonable doubt of taking indecent liberties with a minor, is also without merit. We note that this court refrains from resolving conflicts in the evidence, and if, taking the view most favorable to the State, there is sufficient evidence to sustain the conviction, it will be upheld on appeal. *State v. Craig*, 219 Neb. 70, 361 N.W.2d 206 (1985). In *State v. Wounded Arrow*, 207 Neb. 544, 300 N.W.2d 19 (1980), this court recognized that the only corroboration required in an instance of alleged sexual assault is corroboration as to the material facts and circumstances tending to support the victim's testimony about the principal fact at issue.

In *Wounded Arrow* a first degree sexual assault conviction was upheld on appeal based upon corroborating evidence which consisted of the facts told by the victim to his mother, a

jail administrator, and a police detective. In *State v. Watkins,* 207 Neb. 859, 301 N.W.2d 338 (1981), the defendant was convicted of sexually assaulting his minor stepdaughter. The only testimony corroborating the victim's testimony consisted of that of her mother as to the facts of the assault as related to her by her daughter, and the testimony of a police officer to whom the victim had also related her story. The judgment was affirmed on appeal.

In *Watkins* we stated that the prosecutrix may testify in chief on direct examination if, within a reasonable time under all the circumstances after the act was committed, she made a complaint to another concerning the facts and nature of the assault. Here, too, we stated that the prosecutrix's testimony need only be corroborated as to material facts and circumstances which tend to support her testimony.

Finally, in *State v. Evans,* 212 Neb. 476, 481, 323 N.W.2d 106, 109-10 (1982), the evidentiary issues raised by a case of alleged sexual assault were summed up as follows:

> The initial form of corroborative evidence of the testimony of the prosecutrix offered by the prosecution was the testimony of her mother and her sister regarding the details of the prosecutrix's May 4, 1980, complaint of the alleged assault. "The rule is well established in this state that in a prosecution for sexual assault, *the prosecutrix may testify* in chief on direct examination, if within a reasonable time under all the circumstances after the act was committed she made complaint to another, *to the fact and nature of the complaint, but not as to its details;* and that *others may likewise testify in chief to such fact and nature of the complaint, but not as to its details. State v. Chaney,* 184 Neb. 734, 171 N.W.2d 787 (1969); *Sherrick v. State,* 157 Neb. 623, 61 N.W.2d 358 (1953).

> "This court has also stated that *one to whom the complaining witness has complained may testify to the fact and nature of the complaint* if the complaint was made voluntarily and without unreasonable or inconsistent delay. See, *State v. Deardurff,* 186 Neb. 92, 180 N.W.2d 890 (1970); *Texter v. State,* 170 Neb. 426, 102 N.W.2d 655 (1960)." (Emphasis supplied.) *State v.*

*Watkins*, 207 Neb. 859, 863, 301 N.W.2d 338, 341 (1981).

Here, the victim made a timely complaint of the assault, which included the nature and facts of the assault. The victim testified that the appellant entered her room wearing only a blue knit shirt and underwear. The appellant sat on the victim's bed and asked her if she "wanted to play around." The victim then testified that she sat on a chair 3 to 4 feet from the bed. Next, the appellant knelt beside the victim and began to rub her foot. The victim testified that the appellant moved his hand up her thigh and touched her genitals through her clothing and asked the victim if he could "kiss [her] there." The victim testified that she said no, and the appellant next began to rub her ear. The victim testified at trial that the appellant asked her if she would tell anyone of the assault. The victim testified she said that she would not. The victim stated that the appellant next left the room but came back and began to rub the victim's ear again. He again asked if he could "kiss [her] there." The victim again said no, and the appellant left her room. The victim also testified that during the assault, the appellant asked her if she wanted to "kiss him there."

The next day, at school, the victim approached a counselor, told her what happened, and the counselor contacted the police. The victim related the facts of the assault to the police officer, who also testified at trial and corroborated the victim's account of the assault.

Taking the view most favorable to the State, we find that there is sufficient evidence to sustain the appellant's conviction. We find that the appellant's second assignment of error is also meritless. We affirm the conviction.

AFFIRMED.